*743 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Decedent died instantly in an unwitnessed one-vehicle accident on a dead-end segment of old Route 7 in Broome County just after midnight on November 2, 1977. The Court of Claims found that the State was negligent in failing to give adequate, unambiguous warnings of conditions on that highway, and that the State’s negligence contributed to decedent’s fatal accident. Liability was assigned 60% to the State and 40% to decedent. That judgment was affirmed on appeal.
In a case such as this, with affirmed findings of fact, our scope of review is narrow. This court is without power to review findings of fact if such findings are supported by evidence in the record.
There is ample evidence in the record that the State was negligent in several respects, including (1) failing to cover a “Route 7” sign after the Route 7 turnoff, (2) failing to remove the double line from the center of the dead-end segment on which decedent’s accident occurred, and (3) improperly constructing and marking the barrier at the end of that dead-end segment.
While there was evidence that decedent had a .17% blood alcohol level at the time of his death and that this alcohol impairment played a role in decedent’s failure to respond to warning signs, the Court of Claims found that the State’s negligence was a proximate cause of decedent’s accident, and this finding was affirmed by the Appellate Division.
In view of the lower burden of proof imposed on claimants in wrongful death cases (Noseworthy v City of New York, 298 NY 76) and the fact that the evidence as to both negligence and proximate cause must be viewed in a light favorable to claimant (Wragge v Lizza Asphalt Constr. Co., 17 NY2d 313), there is plainly evidence in this record to support the findings of the courts below. Findings of fact as to negligence and proximate cause were affirmed by the Appellate Division and supported by the record, and thus *744 are conclusive in this court. (Le Roux v State of New York, 307 NY 397.)
The State’s argument that decedent’s blood alcohol level at the time of his accident is a supervening cause as a matter of law must be rejected. Claimant need not exclude all other possible causes of the accident. The fact that decedent’s ability to drive was impaired does not exonerate the State from liability on the ground that its negligence was not one of the proximate causes of the accident. (See Hulett v State of New York, 4 AD2d 806.)
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.