OPINION OF THE COURT
Memorandum.
The order of the County Court should be affirmed.
Shortly after 7:00 p.m. on August 15, 1981, an automobile driven by defendant crashed into a bridge abutment. *946 The police soon arrived, finding defendant bleeding and pinned behind the steering wheel and a passenger unconscious on the seat next to him. It was not until 7:45 p.m. that defendant was extricated. Upon being removed from the car, defendant, who was in a disoriented state, resisted assistance offered by medical personnel and had to be restrained on a stretcher before being taken to a hospital for treatment. At 8:35 p.m., defendant was interviewed in the hospital by a police officer. The officer observed that defendant’s eyes were bloodshot and that his speech was slurred, whereupon defendant was placed under arrest and read his Miranda rights. Shortly before 10:00 p.m., defendant was again advised of his Miranda rights and, with his consent, was administered a blood test. The results of the test revealed that defendant had a blood-alcohol level of .17%.
Defendant moved in Town Court to suppress the test results, which motion was denied. He was then convicted, upon a guilty plea, of driving while intoxicated, but appealed the Town Court’s order denying defendant’s motion to suppress. The County Court affirmed.
On this appeal, defendant argues that the blood test results should have been suppressed on the ground that the test was taken in violation of the requirement of section 1194 (subd 1, par [1]) of the Vehicle and Traffic Law that such a test be administered within two hours of the subject’s arrest. To this end, it is contended that at the scene of the accident the police had probable cause to support defendant’s arrest for driving while intoxicated and that defendant was, in fact, arrested when he was restrained and placed in the ambulance.
Defendant’s contentions are essentially factual in nature. And, in view of the affirmed finding of the Town Court that defendant was not arrested until 8:35 p.m., the determination that the test was administered within the statutory time limit may not be disturbed by this court (cf. Humphrey v State of New York, 60 NY2d 742, 743-744).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.