*119
 
 OPINION OF THE COURT
 

 ClPARICK, J.
 

 The primary issue on this appeal is whether plaintiffs knowing participation in the unauthorized use of a motor vehicle, a crime commonly referred to as joyriding, precludes her recovery for injuries resulting from that conduct. Under the circumstances presented here we conclude that plaintiffs' conduct constituted such a serious violation of the law as to warrant preclusion of her lawsuit.
 

 I.
 

 On April 21, 1993, plaintiff Christina Manning and her friend, defendant Karla Amidon, were students at Ticonderoga High School. Neither girl had a driver’s license or learner’s permit. At around 8:00 p.m., plaintiff, Amidon and a third girl were riding around town in a truck operated by a fourth friend when Amidon spotted a car belonging to defendants Ralph Brown and Julie Brown parked at a local community college. Amidon referred to the Browns as her grandparents although there was no actual family relationship. Amidon asked that the truck be stopped so she could check the car for loose change. While rummaging around the console between the front seats, Amidon discovered a set of car keys underneath some papers. She started the car and invited her two girlfriends to join her. Plaintiff rode in the front passenger seat and gave directions as Amidon drove. After driving around town for a while, plaintiff and Amidon switched places, with plaintiff now driving the car.
 

 Plaintiff testified at her deposition that while she was driving the car Amidon asked her to be careful because the car had been stolen. Plaintiff nevertheless continued to drive. Plaintiff drove the car to the Ticonderoga Middle School where she and Amidon again switched places. Plaintiff then suggested that they adjust the car radio back to the station set by Mr. Brown, presumably so that their use of the car would be undetected by the owner. Amidon, the driver, took her eyes off the road to adjust the radio. The car swerved and collided with a pole, injuring plaintiff. Plaintiff commenced this negligence action against Amidon and the Browns.
 

 Amidon admitted in her deposition that she neither asked for nor received permission from the Browns to drive the car. The Browns’ depositions indicate that they had not given Amidon permission to drive their car. As far as Mr. Brown could
 
 *120
 
 recall, he had left the extra set of car keys at home on a hook in the kitchen. Following the accident, Amidon pleaded guilty to the theft of the vehicle and was placed in the custody of the New York State Division for Youth for two years.
 
 [1]
 
 Plaintiff also pleaded guilty to charges relating to the theft of the vehicle but later withdrew her plea and was apparently never prosecuted.
 

 Following completion of pretrial discovery, the Browns moved for summary judgment based primarily on the lack of permission; Amidon moved for summary judgment based upon plaintiffs participation in a serious crime. Plaintiff cross-moved to compel further discovery, including psychological examinations of all defendants, and defendants further cross-moved for orders of protection precluding the examinations.
 

 Supreme Court granted defendants’ motions for summary judgment dismissing plaintiff’s complaint against them, and denied, as academic, the remaining requests for relief. The Appellate Division affirmed. We granted leave and now affirm.
 

 II.
 

 Defendant Amidon contends that plaintiffs complaint seeking damages for personal injuries should be dismissed as plaintiff was a willing participant in an illegal activity. In
 
 Barker v Kallash
 
 (63 NY2d 19) we held, as a matter of public policy, that where a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiffs conduct constitutes a
 
 serious
 
 violation of the law and the injuries for which the plaintiff seeks recovery are the
 
 direct
 
 result of that violation. The policy derives from the rule that one may not profit from one’s own wrongdoing
 
 (see, Carr v Hoy,
 
 2 NY2d 185;
 
 Riggs v Palmer,
 
 115 NY 506) and precludes recovery "at the very threshold of the plaintiff’s application for judicial relief”
 
 (Barker v Kallash, supra,
 
 63 NY2d, at 26). ”[R]ecovery is denied, not because plaintiff contributed to [her] injury, but because the public policy of this State generally denies judicial relief to those injured in the course of committing a serious criminal act”
 
 (id.,
 
 at 24). Thus, in
 
 Barker,
 
 a 15-year-old plaintiff who was injured while making a pipe bomb was precluded from suing a nine year old who had sold him firecrackers used to make a bomb. We noted that the creation of a pipe bomb was a particularly hazardous activity not only to the bomb maker but also to the public at large
 
 (id.,
 
 at 25).
 

 
 *121
 
 In
 
 Barker
 
 we distinguished between conduct that is regulated by statute and activities that are entirely prohibited by law. Violation of a statute governing the manner in which activities should be conducted merely constitutes negligence and the principles of comparative negligence come into play. Even where the plaintiff engages in prohibited conduct recovery is not always precluded. "A complaint should not be dismissed merely because the plaintiff’s injuries were occasioned by a criminal act”
 
 (Barker v Kallash, supra,
 
 63 NY2d, at 25). Preclusion is required only where the plaintiff’s injuries "were a direct result of a serious violation of the law involving hazardous activities which were not justified under the circumstances” (63 NY2d 19, 26,
 
 supra).
 

 Thus, the question in this case is whether plaintiffs injuries were the direct result of her participation in the crime of unauthorized use of a vehicle in the third degree
 
 (see,
 
 Penal Law § 165.05), and whether the crime is such a serious offense that public policy precludes her recovery.
 

 Notwithstanding plaintiff’s weak protestations to the contrary, there is no question that plaintiff knowingly participated in an illegal act. By her own testimony plaintiff knew that the car was stolen but continued to ride in it as well as drive it. Plaintiff directed Amidon regarding the route to take, took turns driving and suggested readjusting the car radio to hide their criminal conduct.
 

 Nor is there any doubt that plaintiffs injuries were the direct result of her illegal conduct. Here, plaintiff seeks redress in connection with the very conduct that constitutes a violation of the law. Her injuries were the direct result of her knowing participation in joyriding
 
 (see, Barker v Kallash, supra,
 
 63 NY2d, at 25, 32;
 
 cf., Humphrey v State of New York,
 
 60 NY2d 742, 744). The accident occurred because Amidon, plaintiffs accomplice, took her eyes off the road to readjust the car radio at plaintiffs suggestion.
 

 The more difficult question is whether plaintiff’s conduct constituted such a serious violation of the law that she should be precluded, as a matter of public policy, from recovery. We are persuaded that it does. As in
 
 Barker,
 
 plaintiff’s conduct here may not fairly be characterized as a minor dereliction. Plaintiff and Amidon, both unlicensed drivers, unjustifiably engaged in an activity which was hazardous not only to themselves but also to the public at large. An automobile is an inherently dangerous instrument in the hands of an inexperi
 
 *122
 
 enced operator. It becomes even more dangerous when the inexperienced operator does not have permission to take the vehicle. We note that joyriding, as evidenced in the instant case, is typically characterized by more than mere unauthorized use. The unauthorized use is usually accompanied by reckless or excessively fast driving, posing a threat to innocent third parties. Such criminal conduct which puts the public at grave risk constitutes a serious violation.
 

 We therefore conclude that plaintiffs active participation in joyriding in the circumstances presented here was such a serious violation of the law as to preclude recovery for injuries stemming directly from the violation and the courts below properly granted summary judgment in defendant Amidon’s favor.
 

 III.
 

 Summary judgment was also properly granted in favor of the Browns. They came forward with sufficient evidence to rebut the presumption that Amidon operated the car with their consent
 
 {see,
 
 Vehicle and Traffic Law § 388) and plaintiff failed to raise triable issues of fact as to the Browns’ lack of consent. Indeed, Amidon pleaded guilty to theft of the car and plaintiff admitted that she knew the car was stolen.
 

 Amidon also testified that she found the keys under a set of papers out of plain view and therefore plaintiffs claim that the Browns violated Vehicle and Traffic Law § 1210 (a)
 
 [2]
 
 is likewise without merit
 
 (see, Banellis v Yackel,
 
 49 NY2d 882). Mr. Brown’s recollection that he left the keys at home does not raise a material issue of fact as to whether the keys were left in plain view in the unattended car.
 

 While plaintiff questions the credibility of the defendants and attacks their deposition testimony as self-serving, plaintiff is unable to create any factual dispute as to whether the use of the car was permissive or to the concealment of the keys
 
 (see, Downey v General Foods Corp.,
 
 31 NY2d 56, 62). Given that the material facts in this case are undisputed, plaintiffs cross motion to compel further discovery and psychological examinations of the defendants was also properly denied.
 

 
 *123
 
 Plaintiffs remaining argument is without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Although not entirely clear from the record, Amidon was apparently prosecuted as a juvenile in Family Court.
 

 [2]
 

 . Vehicle and Traffic Law § 1210 (a) provides: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle * ** * provided, however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency.”