■ In the Matter of the ESTATE OF WALTER McMILLAN, Deceased, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [699 NYS2d 346] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about July 7, 1998, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Neither of plaintiff's experts stated that the interlocking safety mechanism, which the 12-year-old decedent deliberately disengaged to gain entry to the elevator shaft for the purpose of engaging in the dangerous activity of "elevator surfing", was an insufficient safety device. Accordingly, plaintiff failed to raise any triable issue as to whether defendant had neglected to take reasonable measures to prevent the decedent from gaining access to the elevator shaft (*see, Tillmon v New York City Hous. Auth.,* 203 AD2d 19, 20). Contrary to plaintiff's contention, the attractive nuisance doctrine has no application to the facts at bar. Plaintiff was old enough to be cognizant of the very great and obvious risks involved in "elevator surfing" (*see, de Pena v New York City Tr. Auth.,* 236 AD2d 209, 210, *lv denied* 90 NY2d 808; *cf., Schwartz v Erpf Estate,* 255 AD2d 35). Indeed, the proximate cause of decedent's death was his

own willful behavior in engaging in an obviously hazardous and illegal activity (see, *Tillmon v New York City Hous. Auth.*, 203 AD2d, *supra*, at 20). Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.