OPINION OF THE COURT
Wesley, J.
In the early morning hours of May 10, 1995 Silhadi Alami was driving home alone in his Volkswagen Jetta on the Saw Mill River Parkway in Yonkers. Traveling at approximately 35 miles per hour, the Jetta left an exit ramp and collided with a steel utility pole. Alami died as a result of his injuries— fractures of the ribs, rupture of the liver and massive internal hemorrhaging. At the time of the collision, his blood , alcohol content exceeded the limits set forth in Vehicle and Traffic Law § 1192 (2).
Alami’s widow commenced this action against Volkswagen of America, Inc. seeking to recover damages on the theory that a defect in the vehicle’s design enhanced decedent’s injuries. Volkswagen moved for summary judgment arguing that decedent’s intoxication was the sole cause of the crash and that no defect or malfunction in the Jetta caused or contributed to it. In light of Alami’s intoxication at the time of the accident, Volkswagen also asserted that plaintiffs claim was precluded on public policy grounds. Volkswagen’s motion did not address whether plaintiff could sustain her claim that the vehicle was defective.
In opposing the motion, plaintiff submitted an affidavit and report from an expert who had inspected the vehicle, autopsy report, photographs of the scene, police report and crash test results from Volkswagen and the Federal Government. The expert asserted that due to structural deficiencies in the manufacture of the vehicle, its floorboard buckled upward during the collision. He noted that the vehicle did not have adequate subframe reinforcement, and that the resultant buckling caused the decedent to be thrown forward, causing thoracic and abdominal injuries that led to his death. The expert *285 concluded that if the vehicle had a transverse stringer to provide adequate structural support and a three-point combination lap and shoulder harness — safety features which were readily available and in common use in the automobile industry — the decedent would have survived the crash with minimal injury.
Supreme Court granted Volkswagen’s motion. The court applied our holdings in Barker v Kallash (63 NY2d 19) and Manning v Brown (91 NY2d 116) to preclude plaintiffs claim based on its finding that decedent’s drunk driving constituted a serious violation of the law and that his injuries were the direct result of that violation. The Appellate Division affirmed, holding only that “the negligent manner in which the decedent was operating his vehicle was the sole proximate cause of the collision and his fatal injuries” (278 AD2d 262). We now reverse.
Volkswagen and amici argue that plaintiffs claim should be precluded on public policy grounds because the decedent was intoxicated at the time of the accident. They point to Barker and Manning, in which we held “that where a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiffs conduct constitutes a serious violation of the law and the injuries for which the plaintiff seeks recovery are the direct result of that violation” (Manning, 91 NY2d at 120 [citing Barker, 63 NY2d 19, supra]). When this test is met, recovery is precluded “at the very threshold of the plaintiffs application for judicial relief’ (Barker, 63 NY2d at 26).
Operating a motor vehicle while in an intoxicated condition is indisputably a serious violation of the law. “The importance of the governmental interest [in deterring drunk drivers] is beyond question” (People v Scott, 63 NY2d 518, 525). But plaintiff contends that her husband’s intoxication was not the direct cause of the injuries for which recovery is sought. Relying on Humphrey v State of New York (60 NY2d 742) and our analysis in Barker and Manning plaintiff contends that, because this action is premised on defects in the vehicle and their role in her husband’s death, Barker and Manning do not bar her claim.
In Barker, we noted that “the public policy of this State generally denies judicial relief to those injured in the course of committing a serious criminal act” (63 NY2d at 24, supra [citing Reno v D’Javid, 42 NY2d 1040]). However, in Barker we were careful to note that “[t]he rule denying compensation to the serious offender would not apply in every instance where the plaintiffs injury occurs while he is engaged in illegal activ *286 ity * * *. A complaint should not be dismissed merely because the plaintiffs injuries were occasioned by a criminal act” (Barker, 63 NY2d at 25 [citing Humphrey, 60 NY2d at 744]).
In Humphrey, the State sought to characterize plaintiffs decedent’s intoxication — comparable to decedent’s blood alcohol levels here — as a supervening cause of plaintiffs decedent’s motor vehicle accident, thus absolving it of its 60% share of a comparative fault determination. We specifically rejected the State’s position noting that “[t]he fact that decedent’s ability to drive was impaired does not exonerate the State from liability on the ground that its negligence was not one of the proximate causes of the accident” (Humphrey, 60 NY2d at 744). We recognized in Barker that Humphrey presented a different set of considerations (see, Barker, 63 NY2d at 25). In Humphrey, the decedent’s criminal act, intoxicated driving, was not the only cause of his accident. It occasioned the event. His reflexes were slowed, his judgment impaired, which combined with the State’s negligent signing of the roadway and construction of a barrier, caused his death.
Plaintiff contends that her complaint presents a similar claim here. Plaintiff does not contest Volkswagen’s assertion that Alami’s intoxication was the cause of the vehicle’s collision with the utility pole. Moreover, plaintiff has not identified any other cause of the crash, as did the plaintiff in Humphrey. She has sued only Volkswagen and argues that her husband’s injuries were caused by design defects in the vehicle that rendered it unsafe. Thus, plaintiff asserts that under these circumstances, her claim is not precluded on public policy grounds because the injuries upon which the claim is based do not have the necessary causal link to the decedent’s serious violation of the law.
While we might quarrel with the dissent over whether a plaintiffs illegal conduct must be a direct cause (Barker, 63 NY2d at 26) or the direct cause (Manning, 91 NY2d at 120) to raise the bar of preclusion, our conclusion in this case is based on more than semantics. The Barker /Manning rule is premised on public policy. “It extends the basic principle that one may not profit from his own wrong (Riggs v Palmer, 115 NY 506; Carr v Hoy, 2 NY2d 185) to tort actions seeking compensation for injuries resulting from the plaintiffs own criminal activities of a serious nature” (Barker, 63 NY2d at 25). In Riggs, we held that “[n]o one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime” (115 NY at 511, supra).
*287 We first applied this public policy imperative in a tort context in Reno v D’Javid (42 NY2d 1040), where we denied a claim against a doctor for negligence in performing an illegal abortion. In Barker, we precluded the plaintiffs claim against those who had facilitated his construction of a pipe bomb. More recently, in Manning we applied the Riggs maxim to preclude a joyrider from bringing a claim against her fellow miscreant for injuries received during their illicit ride. The Barker/ Manning rule is based on the sound premise that a plaintiff cannot rely upon an illegal act or relationship to define the defendant’s duty (see, W. Page Keeton et al., Prosser and Keeton, Torts § 36, at 232 [5th ed 1984]). We refuse to extend its application beyond claims where the parties to the suit were involved in the underlying criminal conduct, or where the criminal plaintiff seeks to impose a duty arising out of an illegal act.
If Volkswagen did defectively design the Jetta as asserted by plaintiffs expert, it breached a duty to any driver of a Jetta involved in a crash regardless of the initial cause (see, e.g., Reed v Chrysler Corp., 494 NW2d 224, 230 [Iowa]; Andrews v Harley Davidson, Inc., 106 Nev 533, 537-538, 796 P2d 1092, 1095). Plaintiff does not seek to “profit” from her husband’s intoxication — she asks only that Volkswagen honor its well-recognized duty to produce a product that does not unreasonably enhance or aggravate a user’s injuries (see, Bolm v Triumph Corp., 33 NY2d 151, 159; Rainbow v Albert Elia Bldg. Co., 79 AD2d 287, affd 56 NY2d 550). The duty she seeks to impose on Volkswagen originates not from her husband’s act, but from Volkswagen’s obligation to design, manufacture and market a safe vehicle.[1]
That same reasoning, however, would deny a burglar injured on a defective staircase from asserting a claim against his victim (see, Barker, 63 NY2d at 25-26). Although landowners do have a general duty to the public to maintain their premises in a reasonably safe condition (see, Basso v Miller, 40 NY2d 233), this duty does not exist in the abstract. It takes form when someone enters the' premises and is injured. Thus, the injured burglar is not entitled to benefit from his burglary *288 because he cannot invoke a duty triggered by his unlawful entry.
The Barker/Manning rule embodies a narrow application of public policy imperatives under limited circumstances. Extension of the rule here would abrogate legislatively mandated comparative fault analysis in a wide range of tort claims. In essence, the dissent would have this Court extend the Barker! Manning rule to relieve Volkswagen in this case of its duty to manufacture a safe vehicle. This we will not do.
Volkswagen’s motion for summary judgment did not dispute the viability of plaintiffs claim for “design defects which enhance or aggravate injuries” (Bolm, 33 NY2d at 158). Indeed, in its submission to Supreme Court in support of its summary judgment motion, defendant noted that “the relative merits of plaintiffs theories are irrelevant” (emphasis added).[2] Thus, the legal sufficiency of her claim and how she will prove it is not before us at this time, except in its most rudimentary pleading status to test the scope of the Barker/Manning rule and its impact on plaintiffs claim.
Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant’s motion for summary judgment dismissing the complaint should be denied.

. It may well be that many plaintiffs will not recover damages for their injuries because a Judge will conclude that intoxication was, as a matter of law, the sole cause of their injuries (see, e.g., Shevalier v Bentley, 268 AD2d 622; Hyland v Calace, 244 AD2d 318). Indeed, that would be the case here were it not for the alleged design defects in the vehicle.

. On this summary judgment motion, Volkswagen did not contest the adequacy of the expert’s affidavit and report submitted by plaintiff. The Appellate Division’s determination that Alarm's intoxication was, as a matter of law, the “sole proximate cause” of the accident and decedent’s injuries is therefore disturbing. We also have no occasion to address the impact of Geier v American Honda Motor Co. (529 US 861) — rendered subsequent to Volkswagen’s summary judgment motion — on plaintiff’s claim.