■ LEE S. GUICE, Respondent, v CITY OF NEW YORK et al., Appellants. [748 NYS2d 723] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about October 17, 2000, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

It appears that as plaintiff's decedent was being chased by the police, he attempted to swallow a plastic bag containing 11 glassine envelopes containing cocaine. He collapsed shortly thereafter, and was taken unconscious by defendant New York City Emergency Medical Service to defendant Harlem Hospital, where he died about seven hours later of asphyxiation caused by choking on the unremoved plastic bag. The autopsy report noted that none of the glassine envelopes had broken, and an antemortem drug screening test was negative for drugs and alcohol. Plaintiff alleges that defendants were negligent and committed malpractice in failing to remove the plastic bag from his decedent's throat. Defendants moved for summary judgment on the ground that the decedent was engaged in the crime of criminal possession of a controlled substance with intent to sell when he swallowed the plastic bag, and that any claims for negligence or medical malpractice against defendants are therefore barred by the State's public policy to deny judicial relief to persons injured in the course of committing serious criminal acts.

The motion was properly denied. Unlike the plaintiffs in *Barker v Kallash* (63 NY2d 19) and *Manning v Brown* (91 NY2d 116), whose injuries were incurred "in the course of committing a serious criminal act" (*Barker v Kallash*, 63 NY2d at 24), this plaintiff's decedent's death occurred seven hours after he allegedly attempted to swallow the plastic bag as the result, according to the complaint, of defendants' negligence and malpractice. In addition, because this is not a case "where the parties to the suit were involved in the underlying criminal conduct, or where the criminal plaintiff seeks to impose a duty arising out of an illegal act" (*Alami v Volkswagen of Am.*, 97 NY2d 281, 287), the public policy rule to deny judicial relief to persons injured in the course of committing serious criminal acts is not applicable (*id.*).

We have considered defendants' other contentions and find them unavailing. Concur—Mazzarelli, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.