■ MARIE GAITHER, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [751 NYS2d 368] —Order, Supreme Court, New York County

Michael Stallman, J.), entered October 15, 2001, which, upon the grant of renewal, adhered to the prior order of the same court and Justice granting defendant New York City Housing Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court, in granting defendant Housing Authority's motion for summary judgment dismissing the complaint, properly held that the proximate cause of decedent's death was his own willful behavior in engaging in the hazardous and illegal activity known as "elevator surfing," and compensation should not be awarded in such circumstances (*see Manning v Brown*, 91 NY2d 116; *Barker v Kallash*, 63 NY2d 19; *Matter of McMillan v New York City Hous. Auth.*, 266 AD2d 153, *lv denied* 95 NY2d 752; *Tillmon v New York City Hous. Auth.*, 203 AD2d 19). The case of *Alami v Volkswagen of Am.* (97 NY2d 281) does not require a different result. Unlike the plaintiff in *Alami*, plaintiff here is not trying to recover for some defect violative of a duty owed to the general public lawfully engaged. Instead, plaintiff seeks to recover for the hazardous and illegal conduct of decedent—the sort of conduct that may not be relied upon by its perpetrator, or, as here, by its perpetrator's representative, to define a defendant's duty (*see id.* at 287). Concur—Sullivan, J.P., Ellerin, Lerner and Gonzalez, JJ.