■ SUZANNE WOLFE et al., Individually and as Parents and Guardians of BRANDEN WOLFE, an Infant, Respondents-Appellants, v WILLIAM HATCH et al., Appellants-Respondents, and MELISSA HATCH, Respondent, et al., Defendants. [943 NYS2d 296]—

Egan Jr., J. Cross appeals from an order of the Supreme Court (Nolan Jr., J.), entered November 29, 2010 in Saratoga County, which, among other things, denied plaintiffs' motion for partial summary judgment and denied cross motions by defendants William Hatch and Evan Hatch for summary judgment dismissing the complaint against them.

In or about October 2007, utilizing skills he acquired from a YouTube video, defendant Evan Hatch, then 14 years old, filled six discarded carbon dioxide (hereinafter CO2) cartridges with powder he obtained from leftover fireworks and attached a fuse

to each cartridge. Evan had collected the empty $CO_2$ cartridges from a wooded area near the home he shared with his mother, defendant Melissa Hatch, and the coil of fuse had been purchased by his father, defendant William Hatch. Evan testified at his examination before trial that he constructed the devices at his father's home without his father's knowledge.

On October 14, 2007, Evan called plaintiffs' son, Branden Wolfe, and asked if he wanted to go "light up some boom booms," a reference that Branden interpreted to mean igniting either fireworks or aerosol cans. Branden obtained permission to meet Evan at Evan's mother's house and, at Evan's request, Branden brought a video camera with him. Evan, Branden and defendants Charlie Tirone and Justin Berry, all minors, then proceeded to the same wooded area where Evan had obtained the empty $CO_2$ cartridges—a place variously described by the boys as "Alberta" or the "snake spot"—which was located approximately one mile north of a local bike path. As the video of the incident discloses, Evan lit the first device and, after the fuse visibly burned for what Branden described as "a solid thirty seconds," the device detonated. Evan testified that, although the resulting blast was more powerful than he had anticipated, they all still wanted to detonate the remaining devices. Branden then handed the camera off to one of the other boys, took the second device and walked some distance away from the others. When Branden attempted to light the fuse, it did not appear to burn; the device, however, subsequently exploded in Branden's right hand causing, among other things, a traumatic amputation of his second, third and fourth fingers.[1]

Plaintiffs thereafter commenced this action against Evan, his parents, Tirone and Berry seeking to recover damages for the injuries suffered by Branden. Following joinder of issue and discovery, plaintiffs moved for partial summary judgment on the issue of liability, and defendants separately cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion but granted summary judgment dismissing the complaint as to Tirone, Berry and Evan's mother. Evan and his father now appeal and plaintiffs cross-appeal.

Evan and his father, relying upon the Court of Appeals decisions in *Barker v Kallash* (63 NY2d 19 [1984]) and *Manning v Brown* (91 NY2d 116 [1997]), contend that plaintiffs' action is barred because Branden's injuries were the product of his own illegal conduct. The *Barker/Manning* rule holds that "where a

---

1. Approximately three weeks later, doctors determined that the best prognosis for Branden would be a biomechanical prosthesis, which required the amputation of his right hand at the wrist.

plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiff's conduct constitutes a *serious* violation of the law and the injuries for which the plaintiff seeks recovery are the *direct* result of that violation" (*Manning v Brown*, 91 NY2d at 120; *see Barker v Kallash*, 63 NY2d at 24; *La Page v Smith*, 166 AD2d 831, 832 [1990], *lv denied* 78 NY2d 855 [1991]). The rule, which is premised upon the public policy that "one may not profit from one's own wrongdoing" (*Manning v Brown*, 91 NY2d at 120; *see Johnson v State of New York*, 253 AD2d 274, 279 [1999]), does not compel dismissal of a complaint "merely because the plaintiff's injuries were occasioned by a criminal act" (*Barker v Kallash*, 63 NY2d at 25). Rather, "[p]reclusion is required only where the plaintiff's injuries 'were a direct result of a serious violation of the law involving hazardous activities which were not justified under the circumstances'" (*Manning v Brown*, 91 NY2d at 121, quoting *Barker v Kallash*, 63 NY2d at 26).

Regardless of whether Branden's conduct is viewed as unlawfully dealing with fireworks and dangerous fireworks (*see* Penal Law § 270.00) or criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [2]),[2] there is no dispute that his injuries were the direct result of an admittedly illegal activity. Hence, we must determine whether Branden's conduct constitutes a sufficiently serious violation of the law that, as a matter of public policy, he should be precluded from recovery. Although the Court of Appeals has not delineated precise criteria for ascertaining whether a "serious" violation of the law has occurred, such a determination necessarily must be made upon due consideration of all the relevant facts and circumstances—including, as applied to the matter before us, Branden's age, the nature of the device at issue and the potential danger it posed to Branden and others (*cf. Craft v Mid Is. Dept. Stores*, 112 AD2d 969, 970 [1985]).

Branden, who was 14 years old at the time of the incident, "was not a toddler" (*Barker v Kallash*, 63 NY2d at 27) and, contrary to plaintiffs' assertion, the fact that he did not construct the actual device is not determinative, as an individual's "knowing participation" in a serious criminal violation may be sufficient to preclude recovery (*Manning v Brown*, 91 NY2d at 121). Similarly, we are not persuaded by plaintiffs' claim that Branden did not appreciate what he was getting into when he

---

**2.** Branden was not charged as a result of this incident. Evan, however, was charged in Family Court with committing an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree, a class D felony.

agreed to go to the snake spot to "light up some boom booms." Whatever doubts Branden may have had in this regard—and any corresponding failure to appreciate the power and/or hazardous nature of the device in question—were laid to rest after he personally witnessed the magnitude of the first explosion.[3] Notably, even after witnessing the impact of the first explosion, Branden elected to handle and ignite the second device.[4] As to the nature of the underlying devices, whether characterized as "bombs" or "dangerous fireworks," the demonstrated power of the devices—readily apparent on the video in question—and the extent of the injuries ultimately inflicted certainly militate against a finding that Branden was engaged in an innocuous adolescent activity. Again, to the extent that the inherently dangerous nature of the devices was not apparent to all present prior to the first detonation, it certainly was evident prior to the point in time that Branden elected to light the second device. Upon viewing the video of the incident, there can be no question that the devices constituted dangerous instrumentalities— ones that posed a grave risk of harm to both those actually assembled at the snake spot and any other individuals who potentially may have been present in the area.

In this regard, although much is made of the "remote" location of the detonation site, the issue is not, to our analysis, whether the "public at large" (*Manning v Brown*, 91 NY2d at 121; *accord Barker v Kallash*, 63 NY2d at 26) actually was threatened by the resulting explosions but, rather, whether the potential for such harm existed. Although the threat to the general public admittedly was clear in both *Barker* and *Manning*, subsequent appellate decisions nonetheless have barred recovery in situations where the danger to the public was not as readily apparent (*see e.g. Gaither v City of New York*, 300 AD2d 255, 256 [2002]; *Johnson v State of New York*, 253 AD2d at 280).

Having viewed the video of the incident, which all too clearly conveys the dangerous nature and power of the devices at issue,

---

**3.** On the video and in reference to the first blast, one of the boys can be heard saying, "That scared the sh** out of me, dude." According to Evan, that voice belonged to Branden.

**4.** For this reason, we find *Barker* to be virtually indistinguishable from this matter. While it is true that Branden did not construct the actual devices and, therefore, was not familiar with the individual components thereof, he nonetheless personally witnessed the detonation of the first device and was well aware of the power of and danger posed by the remaining devices. Hence, plaintiffs cannot credibly argue that Branden's status as a participant in the detonation—as opposed to the actual maker of the devices—renders his admitted violation of the law any less serious or, more to the point, takes him outside the reach of *Barker*.

we are persuaded that Branden's decision to participate in the detonation of such devices cannot be written off as "a minor dereliction" (*Manning v Brown*, 91 NY2d at 121), an "inherently innocuous activity" (*Barker v Kallash*, 63 NY2d at 27) or typical adolescent behavior but, rather, constitutes a sufficiently serious violation of the law as to preclude recovery for the unfortunate injuries sustained (*see de Peña New York City Tr. Auth.*, 236 AD2d 209, 210 [1997], *lv denied* 90 NY2d 808 [1997]). Accordingly, Supreme Court's order is modified, and the cross motions of Evan and his father for summary judgment dismissing the complaint are granted. In light of this conclusion, the arguments raised upon plaintiffs' cross appeal are academic.

Peters, P.J., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motions of defendants William Hatch and Evan Hatch; cross motions granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.