■ JOHNNY ORIENTAL, Plaintiff, v U-HAUL CO. OF ARIZONA et al., Defendants, and GIRLEE ENTERPRISES et al., Appellants. [13 NYS3d 488]—

In an action to recover damages for personal injuries, the defendants Girlee Enterprises and Bernard Jacques appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated February 25, 2014, as denied their unopposed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion of the defendants Girlee Enterprises and Bernard Jacques for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained when a livery vehicle in which he was a passenger was struck in the rear by a rental van. He commenced this action against the owner of the livery vehicle, the defendant Girlee Enterprises (hereinafter Girlee), and its operator, the defendant Bernard Jacques, as well as the alleged owner of the rental van, the defendant U-Haul Co. of

Arizona (hereinafter U-Haul), and its operator, the defendant Jgor J. Georges. Girlee and Jacques subsequently moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, submitting evidence, including an affidavit which the plaintiff executed during an investigation by U-Haul's insurer, indicating that the plaintiff and Georges had knowingly and voluntarily participated in the staging of the accident in order to fraudulently obtain insurance payments. There was no opposition to the motion, and the Supreme Court denied the motion.

Pursuant to established case law, the public policy of our State provides that "where a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiff's conduct constitutes a *serious* violation of the law and the injuries for which the plaintiff seeks recovery are the *direct* result of that violation" (*Manning v Brown*, 91 NY2d 116, 120 [1997]). Here, Girlee and Jacques demonstrated their prima facie entitlement to judgment as a matter of law by submitting uncontroverted evidence that the plaintiff engaged in the unlawful and highly dangerous activity of staging a motor vehicle accident for pecuniary gain, and that any alleged injury he may have suffered was the direct result of that unlawful conduct (*see e.g. Manning v Brown*, 91 NY2d 116 [1997]; *Barker v Kallash*, 63 NY2d 19 [1984]; *Hathaway v Eastman*, 122 AD3d 964 [2014]; *Wolfe v Hatch*, 95 AD3d 1394 [2012]; *Moore v County of Suffolk*, 11 AD3d 591 [2004]; *State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490 [2003]; *Gaither v City of New York*, 300 AD2d 255 [2002]). In addition, there were no triable issues of fact raised, as there was no opposition to the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Moore v County of Suffolk*, 11 AD3d at 592). Accordingly, the motion of Girlee and Jacques for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.