Gentile v Malenick (2019 NY Slip Op 07184)





Gentile v Malenick


2019 NY Slip Op 07184


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


896 CA 19-00452

[*1]MICHELE GENTILE, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF JESSICA N. GENTILE, DECEASED, PLAINTIFF-RESPONDENT,
v
MATTHEW MALENICK, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ROBERT P. CAHALAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
LITTMAN & BABIARZ, ITHACA (PETER N. LITTMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered September 5, 2018. The order denied the motion of defendant Matthew Malenick for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed against defendant Matthew Malenick.
Memorandum: Plaintiff commenced this wrongful death and personal injury action seeking damages arising from the death of her daughter (decedent). Matthew Malenick (defendant) appeals from an order that denied his motion for summary judgment dismissing the complaint against him. We agree with defendant that Supreme Court erred in denying his motion, and we therefore reverse the order, grant the motion, and dismiss the complaint against him.
The Court of Appeals has clearly stated that, "as a matter of public policy, . . . where a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiff's conduct constitutes a serious violation of the law and the injuries for which the plaintiff seeks recovery are the direct result of that violation" (Manning v Brown, 91 NY2d 116, 120 [1997]). "[R]ecovery is denied, not because the plaintiff contributed to his [or her] injury, but because the public policy of this State generally denies judicial relief to those injured in the course of committing a serious criminal act" (Barker v Kallash, 63 NY2d 19, 24 [1984]). "The Barker/Manning rule is based on the sound premise that a plaintiff cannot rely upon an illegal act or relationship to define the defendant's duty . . . [, which bars] claims where the parties to the suit were involved in the underlying criminal conduct, or where the criminal plaintiff seeks to impose a duty arising out of an illegal act" (Alami v Volkswagen of Am., 97 NY2d 281, 287 [2002]).
Here, defendant met his initial burden on the motion by submitting expert opinion evidence and his deposition testimony establishing that decedent's death was the result of her ingestion of heroin and several prescription drugs, which unquestionably constitutes serious criminal conduct, and that decedent's death was the direct result of that illegal conduct. Consequently, defendant established that the Barker/Manning rule bars recovery. The central "issue is not that of the statute prohibiting [drug use], itself the object of a changing legislative view, but of the paramount public policy imperative that the law, whatever its content at a given time or for however limited a period, be obeyed" (Reno v D'Javid, 42 NY2d 1040, 1040 [1977]; see Alami, 97 NY2d at 285; cf. Mikel v City of Rochester, 265 AD2d 861, 862 [4th Dept 1999]).
Plaintiff failed to raise a triable issue of fact in opposition to the motion (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The affidavit of plaintiff's purported expert, i.e., plaintiff's boyfriend, failed to establish that he "is possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (Hokenson v Sears, Roebuck & Co., 159 AD3d 1501, 1502 [4th Dept 2018] [internal quotation marks omitted]; cf. People v Maynard, 143 AD3d 1249, 1252 [4th Dept 2016], lv denied 28 NY3d 1148 [2017]). Furthermore, contrary to her contention, plaintiff failed to submit "evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" whether defendant injected decedent with heroin and exercised mental control over decedent (Alvarez, 68 NY2d at 324).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court