Bumbolo v Faxton St. Luke's Healthcare (2021 NY Slip Op 04429)





Bumbolo v Faxton St. Luke's Healthcare


2021 NY Slip Op 04429


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


131 CA 20-00793

[*1]PAUL BUMBOLO, PLAINTIFF-RESPONDENT,
v
FAXTON ST. LUKE'S HEALTHCARE, ALSO KNOWN AS MOHAWK VALLEY HEALTH SYSTEM, ET AL., DEFENDANTS, AND EMERGENCY PHYSICIAN SERVICES OF NEW YORK, P.C., DEFENDANT-APPELLANT. 






PHELAN, PHELAN & DANEK, LLP, ALBANY (TIMOTHY S. BRENNAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAW OFFICE OF MICHAEL S. ALLEN, ROCHESTER (MICHAEL S. ALLEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered August 9, 2019. The order, insofar as appealed from, denied the motion of defendant Emergency Physician Services of New York, P.C., to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence and medical malpractice action seeking compensatory damages arising from the psychiatric treatment he received from a doctor working for Emergency Physician Services of New York, P.C. (defendant) and from other medical providers. Plaintiff alleged that, while in the grip of mental illness, he was apprehended and arrested by the police for threatening and assaulting members of his family and for abusing and killing a dog. Plaintiff was brought to a hospital pursuant to Mental Hygiene Law § 9.41. Plaintiff alleged that the doctor working for defendant and the other medical providers participated in his care and, by their acts and omissions including failing to perform a proper work-up, caused plaintiff to be wrongly discharged from the hospital on the same day he was admitted. Plaintiff further alleged that, although the police had requested that they be notified of plaintiff's impending release prior to his discharge, they were not so notified. Shortly after his release, plaintiff killed the three members of his family whom he had previously threatened. Subsequently, with the urging of both plaintiff and the District Attorney, a criminal court accepted plaintiff's plea of not responsible by reason of mental disease or defect. Plaintiff was then remanded to a state psychiatric institution.
Plaintiff alleged in his complaint that defendant committed medical malpractice by, among other things, failing to perform a proper psychiatric exam; failing to diagnose and treat his ongoing psychiatric condition, acute mental illness, and violent propensities; and discharging him without notifying the police. Plaintiff further alleged that defendant's negligence was a substantial cause in his killing of his family members inasmuch as defendant failed to retain and treat him and failed to notify the police prior to his discharge, and that his commission of violence against his family members was predictable and foreseeable. Plaintiff sought compensatory damages for, inter alia, the mental and psychological damage and burden of having killed his family members, his loss of freedom, and the stigma of psychiatric admission.
Defendant moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (7) on the ground that plaintiff failed to state a legally cognizable cause of action because, pursuant to the doctrine set forth in Riggs v Palmer (115 NY 506 [1889]) and its progeny, including Barker v [*2]Kallash (63 NY2d 19 [1984]), plaintiff was barred from taking advantage of his own wrong and founding a claim on his own iniquity. Supreme Court denied the motion, and we now affirm.
"On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), '[w]e accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). With respect to the ground for dismissal asserted here, "as a matter of public policy, . . . where a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiff's conduct constitutes a serious violation of the law and the injuries for which the plaintiff seeks recovery are the direct result of that violation" (Manning v Brown, 91 NY2d 116, 120 [1997]; see Barker, 63 NY2d at 24-29). The rule derives from the maxim that "[n]o one shall be permitted to profit by his [or her] own fraud, or to take advantage of his [or her] own wrong, or to found any claim upon his [or her] own iniquity, or to acquire property by his [or her] own crime" (Riggs, 115 NY at 511; see Alami v Volkswagen of Am., 97 NY2d 281, 286 [2002]; Manning, 91 NY2d at 120; Barker, 63 NY2d at 25; Carr v Hoy, 2 NY2d 185, 187 [1957]). In cases in which the doctrine applies, "recovery is precluded 'at the very threshold of the plaintiff's application for judicial relief' " (Alami, 97 NY2d at 285, quoting Barker, 63 NY2d at 26). Notably, the Court of Appeals has applied the doctrine with caution to avoid overextending it inasmuch as the rule "embodies a narrow application of public policy imperatives under limited circumstances" (Alami, 97 NY2d at 288).
Defendant contends that, despite plaintiff's plea in the criminal action of not responsible by reason of mental disease or defect, the doctrine applies to bar plaintiff's action under the circumstances of this case. We reject that contention. As relevant here, a criminal defendant may enter a plea of not responsible by reason of mental disease or defect with both the permission of the court and the consent of the People (see CPL 220.15 [1]). As part of the process for such a plea, the prosecutor must state, among other things, that the People are "satisfied that the affirmative defense of lack of criminal responsibility by reason of mental disease or defect would be proven by the defendant at a trial by a preponderance of the evidence" (id.), and the court must make the same finding before accepting the plea (see CPL 220.15 [5] [b]). The affirmative defense of lack of criminal responsibility for proscribed conduct "means that at the time of such conduct, as a result of mental disease or defect, [the defendant] lacked substantial capacity to know or appreciate either . . . [t]he nature and consequences of such conduct[] or . . . [t]hat such conduct was wrong" (Penal Law § 40.15; see also CPL 220.15 [3] [f]).
Here, accepting the facts as alleged in the complaint as true, we conclude that the criminal court's acceptance of plaintiff's plea of not responsible by reason of mental disease or defect demonstrates that, at the time of his conduct constituting a serious violation of the law, plaintiff lacked substantial capacity to know or appreciate either the nature and consequences of his conduct or that such conduct was wrong (see Penal Law § 40.15; CPL 220.15). Thus, unlike cases applying the rule to preclude recovery, the record here establishes that plaintiff's illegal conduct was not knowing, willful, intentional, or otherwise sufficiently culpable to warrant application of the rule (cf. Manning, 91 NY2d at 119; Barker, 63 NY2d at 27; Riggs, 115 NY at 508-509, 512; Matter of Wells, 76 Misc 2d 458, 458-462 [Sur Ct, Nassau County 1973]). Although defendant correctly notes that the doctrine may be applied in cases even where the wrongdoer is not, or cannot be, held criminally responsible, the application of the doctrine still involves evaluation of the wrongdoer's culpability to determine whether he or she should be relieved of the consequences of the apparently criminal conduct (see Manning, 91 NY2d at 120-121; Barker, 63 NY2d at 27 and n 3). Where, as here, the record establishes that the wrongdoer is not responsible by reason of mental disease or defect, we conclude that the subject doctrine does not apply to bar the wrongdoer's action (see Matter of Bobula, 19 NY2d 818, 819 [1967], revg 25 AD2d 241 [4th Dept 1966], revg 45 Misc 2d 745 [Sur Ct, Erie County 1965]; Matter of Fitzsimmons, 64 Misc 2d 622, 623-624 [Sur Ct, Erie County 1970]; Matter of Wirth, 59 Misc 2d 300, 300-303 [Sur Ct, Erie County 1969]; cf. Matter of Demesyeux, 42 Misc 3d 730, 731-739 [Sur Ct, Nassau County 2013]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court