Kolvenbach v Cunningham (2024 NY Slip Op 00900)

Kolvenbach v Cunningham

2024 NY Slip Op 00900

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-02109
 (Index Nos. 4991/18, 10563/18)

[*1]Kristopher D. Kolvenbach, appellant,
v
Peter Cunningham, etc., et al., respondents, et al., defendant. (Action No. 1.)
Jennifer Verogna, etc., appellant,
v
Town of Crawford, et al., respondents. (Action No. 2.)

O'Connor & Partners, PLLC, Kingston, NY (Joseph E. O'Connor and Michael Kolb of counsel), for appellant in Action No. 1.
Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for appellant in Action No. 2.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondents in Action Nos. 1 and 2.

DECISION & ORDER
In two related actions, inter alia, to recover damages for personal injuries, the plaintiff in Action No. 1 appeals, and the plaintiff in Action No. 2 separately appeals, from an order of the Supreme Court, Orange County (Steven I. Milligram, J.), dated January 29, 2020. The order, insofar as appealed from by the plaintiff in Action No. 1, granted that branch of the motion of Peter Cunningham, Town of Crawford, and Town of Crawford Police Department, defendants in Action No. 1 and the defendants in Action No. 2, which was for summary judgment dismissing the complaint insofar as asserted against them in Action No. 1. The order, insofar as appealed from by the plaintiff in Action No. 2, granted that branch of the motion of Peter Cunningham, Town of Crawford, and Town of Crawford Police Department which was for summary judgment dismissing the complaint in Action No. 2.
ORDERED that the order is reversed insofar as appealed from by the plaintiff in Action No. 1, on the law, and that branch of the motion of Peter Cunningham, Town of Crawford, and Town of Crawford Police Department which was for summary judgment dismissing the complaint insofar as asserted against them in Action No. 1 is denied; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff in Action No. 2; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff in Action No. 1, payable by Peter Cunningham, Town of Crawford, and Town of Crawford Police Department, and one bill [*2]of costs is awarded to Peter Cunningham, Town of Crawford, and Town of Crawford Police Department, payable by the plaintiff in Action No. 2.
In May 2018, Kristopher D. Kolvenbach commenced an action (hereinafter Action No. 1) against Peter Cunningham, a police officer employed by the Town of Crawford Police Department, the Town of Crawford, and the Town of Crawford Police Department (hereinafter collectively the Town defendants), as well as Jennifer Verogna, individually, and as administrator of the Estate of Louis F. Williams (hereinafter the Estate). Kolvenbach sought to recover damages for personal injuries he allegedly sustained in December 2017 when a vehicle driven by Louis F. Williams collided with the vehicle he was driving. Williams died as a result of the crash. Kolvenbach alleged, inter alia, that Williams was speeding and driving erratically and that Williams crashed his vehicle into Kolvenbach's vehicle as a result of a high-speed police pursuit initiated by Cunningham. The Estate commenced a separate action (hereinafter Action No. 2) against the Town defendants asserting, among other things, causes of action to recover damages for personal injuries and wrongful death. The Town defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them in Action No. 1 and dismissing the complaint in Action No. 2. In an order dated January 29, 2020, the Supreme Court, among other things, granted those branches of the Town defendants' motion. Kolvenbach and the Estate separately appeal.
"The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others" (S.L. v City of Yonkers, 208 AD3d 1321, 1322 [internal quotation marks omitted]). "The reckless disregard standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (id. at 1322-1323 [internal quotation marks omitted]; see Saarinen v Kerr, 84 NY2d 494, 501).
Here, the Town defendants failed to eliminate all triable issues of fact as to whether Cunningham acted with reckless disregard for the safety of others and whether such conduct was a proximate cause of Kolvenbach's injuries (see Miller v Suffolk County Police Dept., 105 AD3d 918, 919-920). In support of the Town defendants' motion, they submitted, among other things, transcripts of the deposition testimony of Cunningham and other witnesses who testified that, on the day at issue, Cunningham pursued Williams at high speeds on damp roads through a main thoroughfare, and that Williams' vehicle narrowly avoided colliding with other vehicles at earlier points during the pursuit. Thus, contrary to the determination of the Supreme Court, there are triable issues of fact as to whether Cunningham acted in reckless disregard of the safety of others in continuing the pursuit (see S.L. v City of Yonkers, 208 AD3d at 1323; Foster v Suffolk County Police Dept., 137 AD3d 855, 856). There also remain triable issues of fact as to whether Cunningham activated the siren on his police vehicle (see Mouring v City of New York, 112 AD3d 588, 590) and whether he violated police protocols by failing to update his supervisors on the progress of the pursuit via his police radio (see Quintana v Wallace, 95 AD3d 1287, 1288). Since the Town defendants failed to establish their prima facie entitlement to judgment as a matter of law, the burden never shifted to Kolvenbach to raise a triable issue of fact (Bourne v Martin Dev. & Mgt., LLC, 219 AD3d 684). Even if the Town defendants had established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them in Action No. 1, Kolvenbach's submissions raised triable issues of fact as to whether Cunningham acted with reckless disregard for the safety of others and whether his actions were a proximate cause of Kolvenbach's injuries (see Handelsman v Llewellyn, 208 AD3d 1, 7-8).
However, the Supreme Court properly granted that branch of the Town defendants' motion which was for summary judgment dismissing the complaint in Action No. 2. "[W]here a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiff's conduct constitutes a serious violation of the law and the injuries for which the plaintiff seeks recovery are the direct result of that violation" (Alami v Volkswagen of Am., 97 NY2d 281, 285 [emphasis and internal quotation marks omitted]; see Manning v Brown, 91 NY2d 116, 120; Barker v Kallash, 63 NY2d 19, 25).
Contrary to the Estate's contention, the Town defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint in Action No. 2 by showing that Williams' actions of driving erratically and speeding in order to evade the police were sufficiently serious to bar the causes of action to recover damages for pain and suffering and wrongful death (see Manning v Brown, 91 NY2d at 120; Hathaway v Eastman, 122 AD3d 964, 966). In opposition, the Estate failed to raise a triable issue of fact (see Moore v County of Suffolk, 11 AD3d 591, 592).
The remaining contentions of the Estate and the Town defendants are without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court