■ DAVID MOORE, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [783 NYS2d 72]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated April 22, 2004, as denied their unopposed motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff sustained personal injuries when, by his own admission, he fled from the police to avoid arrest for, inter alia, possession of controlled substances, and then was struck by a police car as he crossed in front of it. In support of their motion for summary judgment dismissing the complaint, the defendants submitted, among other things, a copy of the plaintiff's written confession to the police, in which he recounted the events leading to his injuries. On each page of the three-page confession, the plaintiff signed his name next to a Penal Law § 210.45 form notice stating that false statements were punishable as a class A misdemeanor. The plaintiff did not oppose the motion, and the Supreme Court denied it.

The motion should have been granted. The defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, a copy of the plaintiff's written confession. The confession demonstrated that the plaintiff's injuries arose directly from his knowing and intentional participation in serious criminal activity; i.e., resisting arrest (*see* Penal Law.§ 205.30). Under the circumstances, the plaintiff should not be permitted to recover compensation for his loss (*see Manning v Brown*, 91 NY2d 116 [1997]; *Barker v Kallash*, 63 NY2d 19 [1984]; *Johnson v State of New York*, 174 Misc 2d 193 [1997], *affd* 253 AD2d 274 [1999]). The plaintiff did not oppose the motion and thus did not raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the Supreme Court's conclusion, the defendants' motion complied with CPLR 3212 (b). Florio, J.P., H. Miller, Goldstein and Skelos, JJ., concur.