■ DAVID FRANZESE, Appellant, v CONSOLIDATED DAIRIES, INC., et al., Respondents, et al., Defendant. (And Another Title.) [920 NYS2d 688]—

In an action to recover damages for personal injuries, the plaintiff David Franzese appeals from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated December 17, 2009, as granted the motion of the defendants Consolidated Dairies, Inc., and Juan Isales for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Consolidated Dairies, Inc., and Juan Isales for summary judgment dismissing the complaint insofar as asserted against them is denied.

The subject motor vehicle accident occurred when the vehicle in which the plaintiff was riding as a passenger attempted to change lanes and collided with a delivery truck driven by the defendant Juan Isales and owned by the defendant Consolidated Dairies, Inc. (hereinafter together the defendants).

The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of their motion, the defendants submitted, inter alia, the deposition testimony of Darren Steininger, a passenger in the plaintiff's vehicle, and the defendant Isales. Given the conflicting testimony as to where the defendants' truck came into contact with the plaintiff's vehicle, and the admission of the defendant Isales that he was traveling up to 35 miles per hour before the accident occurred, which was five miles per hour over the speed limit (*cf. Lynch v Dobler Chevrolet, Inc.*, 49 AD3d 509 [2008]), it cannot be said that the defendants were free from negligence as a matter of law (*see Kolivas v Kirchoff*, 14 AD3d 493 [2005]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Covello, J.P., Hall, Lott and Cohen, JJ., concur.