■ Richard Antaki, Respondent, v Ramiro Mateo et al., Appellants, et al., Defendants. (And a Third-Party Action.) [954 NYS2d 540]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Ramiro Mateo and KilKenny Construction Co., Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated January 19, 2012, as denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this case arising out of an automobile accident, the defendants Ramiro Mateo and KilKenny Construction Co., Inc. (hereinafter the appellants), cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In support of their cross motion, the appellants made a prima facie showing that Mateo entered the intersection where the accident occurred with a green light. Mateo thus had the right-of-way, and was entitled to anticipate that the driver of the vehicle he collided with would obey traffic laws which required her to yield (*see* Vehicle and Traffic Law § 1111 [d]; *Cox v Weil*, 66 AD3d 634, 635 [2009]; *see also Simmons v Canady*, 95 AD3d 1201, 1202 [2012]). However, there can be more than one proximate cause of an accident, and thus the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a matter of law (*see Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 896 [2009]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]). Here, in support of that branch of their cross motion which was for summary judgment, the appellants submitted evidence which included statements by eyewitnesses, verified pursuant to Penal Law § 210.45, which were the equivalent of statements made under oath (*see People v Sullivan*, 56 NY2d 378, 384 [1982]; *Moore v County of Suffolk*, 11 AD3d 591, 592 [2004]). The eyewitness statements raised triable issues of fact as to whether Mateo contributed to the happening of the accident by, inter alia, driving at an excessive rate of speed (*see Calcano v Rodriguez*, 91 AD3d 468 [2012]; *Franzese v Consolidated Dairies, Inc.*, 83 AD3d 775 [2011]; *Bonilla v Gutierrez*, 81 AD3d 581, 582 [2011]; *Sirot v Troiano*, 66 AD3d 763, 764 [2009]). Since the appellants' own submissions failed to eliminate all triable issues of fact as to whether Mateo was free from comparative negligence, the Supreme Court properly denied that branch of their cross motion which was for summary judgment without considering the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d

851, 853 [1985]; *Pollack v Margolin*, 84 AD3d at 1342). Eng, P.J., Florio, Sgroi and Miller, JJ., concur. 