■ Boris Lukyanovich, Appellant, v H.L. General Contractors, Inc., et al., Respondents. [35 NYS3d 463]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 25, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when the vehicle in which he was a passenger, owned and operated by nonparties, struck the rear of a vehicle owned by the defendant H.L. General Contractors, Inc., and operated by the defendant Raymond Alfonzo (hereinafter together the defendants). The plaintiff commenced this action against the defendants to recover damages for his injuries. The defendants moved for summary judgment dismissing the complaint, asserting that they were free from fault in the happening of the rear-end collision and that the driver of the plaintiff's host-vehicle was solely responsible for the collision. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Gezelter v Pecora, 129 AD3d 1021, 1021-1022 [2015]). "There can be more than one proximate cause of an accident" (Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008], quoting Cox v Nunez, 23 AD3d 427, 427 [2005]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889 [2011]; see Howard v Poseidon Pools, 72 NY2d 972, 974 [1988]).

Contrary to the plaintiff's assertions on appeal, the defendants established their prima facie entitlement to judgment as a

matter of law in support of their motion by demonstrating that they were not at fault in the happening of the subject rear-end collision. In support of their motion, the defendants submitted the deposition testimony of Alfonzo, who testified that approximately 10 seconds prior to the collision, while he was traveling in the right lane in moderate traffic, a vehicle traveling in the left lane crossed in front of him and into his lane of traffic. Alfonzo testified that he immediately applied his brakes, that the vehicle proceeded in front of him without incident, and that his vehicle was struck in the rear by the plaintiff's host-vehicle within 5 seconds of when he applied his brakes. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is improperly raised for the first time on appeal. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.