**7** MAKEDA HURST, Respondent, v WENZY BELOMME, Appellant. [36 NYS3d 735]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Walker, J.), dated October 30, 2015, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when the vehicle she was driving on Flatbush Avenue in Brooklyn was involved in an accident with the defendant's vehicle. At the time of the accident, the plaintiff was attempting to make a left turn from the southbound lane of travel on Flatbush Avenue onto Empire Boulevard when it was struck by the defendant's vehicle, which was traveling northbound on Flatbush Avenue. The plaintiff commenced this action to recover damages for her personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that he was not negligent and that the plaintiff's negligence was the sole proximate cause of the accident. The Supreme Court denied the motion. The defendant appeals.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Boulos v Lerner-Harrington*, 124 AD3d 709 [2015]; *Rungoo v Leary*, 110 AD3d 781, 782 [2013]). There can be more than one proximate cause of an accident (*see Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693 [2d Dept 2016]; *Cox v Nunez*, 23 AD3d 427 [2005]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]). Although a driver with the right-of-way is entitled to anticipate that the other driver will obey the traffic laws requiring him or her to yield (*see Martin v Ali*, 78 AD3d 1135, 1136 [2010]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Moreno v Gomez*, 58 AD3d 611, 612 [2009]), a driver is bound to see what is there to be seen through the proper use of his or her senses and is negligent for

failure to do so (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *Katanov v County of Nassau*, 91 AD3d 723, 725 [2012]).

The defendant failed to establish his prima facie entitlement to judgment as a matter of law, as his submissions were insufficient to eliminate all triable issues of fact as to whether he was at fault in the happening of the subject accident. The evidence proffered on the defendant's motion raised a triable issue of fact as to whether he violated the Vehicle and Traffic Law in failing to display lighted headlights on his vehicle at the time of the subject accident (*see* Vehicle and Traffic Law § 375 [2] [a] [1]). Moreover, the defendant submitted the deposition transcripts of both parties, which raised triable issues of fact as to whether the defendant kept a proper lookout and exercised reasonable care to avoid a collision with the plaintiff's vehicle when it was already in the intersection. Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's papers in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.