■ DANDRA GRAHAM et al., Respondents, v COURTESY TRANSPORTATION SERVICES, INC., et al., Respondents, and WESTCHESTER AMBULETTE SERVICE, INC., et al., Appellants. [44 NYS3d 157]—

In a consolidated action to recover damages for personal injuries, the defendants Westchester Ambulette Service, Inc., and Muhamadou Jaiteh appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated May 12, 2015, which denied their motion, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Calvin Littles against them.

Ordered that the order is affirmed, with one bill of costs.

On July 5, 2011, an ambulette owned by the defendant Courtesy Transportation Services, Inc., and operated by the defendant Barry White struck another ambulette in the rear. The other ambulette was owned by the defendant Westchester Ambulette Service, Inc., and operated by the defendant

Muhamadou Jaiteh (hereinafter together the appellants). The plaintiffs were passengers in the appellants' ambulette at the time of the accident. They each commenced separate actions against the defendants to recover damages for personal injuries. After issue was joined, the Supreme Court consolidated the two actions. The appellants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Calvin Littles against them. The Supreme Court denied the motion. We affirm.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693 [2016]; *Gezelter v Pecora*, 129 AD3d 1021, 1021-1022 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709 [2015]). A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle (*see Theo v Vasquez*, 136 AD3d 795 [2016]; *Cortese v Pobejimov*, 136 AD3d 635 [2016]). Nonetheless, there can be more than one proximate cause of an accident (*see Forte v City of Albany*, 279 NY 416, 422 [1939]; *Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d at 693; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and the issue of proximate cause is generally a question for the trier of fact (*see Darmento v Pacific Molasses Co.*, 81 NY2d 985, 987 [1993]; *Somersall v New York Tel. Co.*, 52 NY2d 157, 168 [1981]; *Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d at 693).

The appellants established their prima facie entitlement to judgment as a matter of law by submitting the affidavit of Jaiteh, in which he averred that the appellants' ambulette was stopped in traffic when it was struck in the rear by the other ambulette, demonstrating that Jaiteh was not at fault in the happening of the accident (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Cortese v Pobejimov*, 136 AD3d at 636; *Brothers v Bartling*, 130 AD3d 554, 555 [2015]; *Whelan v Sutherland*, 128 AD3d 1055, 1056 [2015]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]). However, in opposition, Littles' affidavit raised a triable issue of fact as to whether Jaiteh was negligent and whether his negligence contributed to the happening of the accident (*see Tutrani v County of Suffolk*, 10 NY3d at 908; *Whelan v Sutherland*, 128 AD3d at 1056; *Drakh v Levin*, 123 AD3d at 1085; *D'Agostino v YRC, Inc.*, 120 AD3d 1291, 1292 [2014]; *Gambino v City of New York*, 205 AD2d 583 [1994]). Accordingly, the Supreme Court properly denied the appellants' motion.

The respondents' contention that summary judgment should be denied on res judicata and collateral estoppel grounds, raised for the first time on appeal and based on matter dehors the record, is not properly before this Court. Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.