(January 11, 2017)

■ Ahmad Al-Mamar et al., Appellants, v Rumi S. Terrones et al., Respondents. [44 NYS3d 529]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated November 19, 2015, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted by the plaintiff Olga Mamar against the defendants Rumi S. Terrones and Lizbeth A. Diaz, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by them as a result of a two-vehicle accident that occurred on August 30, 2014, at the intersection of Father Capodanno Boulevard and Sand Lane, in Staten Island. The plaintiffs were traveling in a vehicle operated by the plaintiff Ahmad Al-Mamar (hereinafter Ahmad), in which the plaintiff Olga Mamar (hereinafter Olga) was a passenger, when they were struck by a vehicle operated by the defendant Rumi S. Terrones and allegedly owned by the defendants Lizbeth A. Diaz and Mirco Gavidia. The defendants answered and asserted an affirmative defense based upon comparative negligence, and a counterclaim against Ahmad for contribution and indemnification relating to any damages sustained by Olga.

After joinder of issue, but before any discovery had taken place, the plaintiffs moved for summary judgment on the issue of liability. The motion was supported by an affidavit in which Olga averred that the plaintiffs were traveling under the speed limit on Father Capodanno Boulevard at its intersection with Sand Lane, with a steady green light in their favor. Olga averred that a vehicle operated by Terrones, traveling on Father Capodanno Boulevard in the opposite direction, approached the intersection at a "great speed" and made a sudden and unexpected left turn, as if turning onto Sand Lane, without using any directional signals. Olga averred that Terrones' vehicle struck the plaintiffs' vehicle on the driver's front side, and that "[w]e were already in the intersection and we were unable to evade the impact." Ahmad did not submit an affidavit in support of the motion.

In opposition, the defendants submitted a New York State Department of Motor Vehicles abstract of title, which established that the vehicle operated by Terrones was owned solely by Diaz. The defendants also submitted affidavits of Terrones and Diaz, which were written in English. Diaz averred that she gave Terrones permission to drive her vehicle on the day in question, and that Gavidia is Diaz's husband. Terrones averred that, on the day in question, she was traveling eastbound on Father Capodanno Boulevard, that she approached the intersection with Sand Lane, and "I went to make a left turn on to Sand Lane . . . I was traveling with a green light when it turned yellow. I decided to proceed. I came in contact with another vehicle who was traveling west." The defendants also submitted two unnotarized written statements, each labeled "affidavit," of Luis A. Aquino, an investigator. Aquino stated that Diaz and Terrones understand Spanish, that he correctly

translated the affidavits of Diaz and Terrones from English into Spanish for each of them, and that they each stated that they fully understood the contents of the English language affidavits before signing them.

The Supreme Court denied the plaintiffs' motion. For the reasons that follow, the court should have awarded summary judgment to Olga on the issue of liability insofar as asserted against Terrones and Diaz.

Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." A violation of this statute constitutes negligence per se (*see Katikireddy v Espinal*, 137 AD3d 866, 867 [2016]; *Ciatto v Lieberman*, 266 AD2d 494, 495 [1999]; *see also Martin v Herzog*, 228 NY 164, 168 [1920]).

"To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013] [citations omitted]; *see Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Simmons v Canady*, 95 AD3d 1201, 1202 [2012]).

Here, Olga met her prima facie burden for summary judgment against Terrones by establishing that Olga was free from fault and that Terrones violated Vehicle and Traffic Law § 1141 by failing to yield the right of way to the plaintiffs' vehicle when she made a left turn in the intersection, which proximately caused Olga's injuries (*see Katikireddy v Espinal*, 137 AD3d at 867-868; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]). Further, Olga met her prima facie burden for summary judgment against Diaz as the owner of the vehicle operated by Terrones (*see* Vehicle and Traffic Law § 388 [1]; *Sargeant v Village Bindery*, 296 AD2d 395, 396 [2002]). In opposition, Diaz and Terrones failed to raise a triable issue of fact. The unnotarized affidavits of Luis A. Aquino, as translator, were not in admissible form (*see* CPLR 2101 [b]; *Raza v Gunik*, 129 AD3d 700, 700-701 [2015]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 54 [2011]), and, in any event, Terrones and Diaz failed to offer a nonnegligent explanation for the accident, raise a triable issue of fact as to whether Olga was comparatively negligent, or establish that the motion was premature (*see Binkowitz v Kolb*, 135 AD3d 884, 885 [2016]; *see also* CPLR 3212 [f]).

However, Ahmad failed to meet his prima facie burden for summary judgment against Terrones or Diaz. "[A] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle that allegedly failed to yield the right-of-way" (*Reyes v Marchese*, 96 AD3d 926, 927 [2012]; *see Mu-Jin Chen v Cardenia*, 138 AD3d 1126, 1127 [2016]; *Arias v Tiao*, 123 AD3d 857, 858 [2014]). Olga's affidavit, submitted on behalf of both plaintiffs, failed to establish that Ahmad was free from comparative fault in the happening of the accident (*see Simmons v Canady*, 95 AD3d 1201, 1202-1203 [2012]). Since Ahmad failed to meet his prima facie burden for summary judgment against Terrones or Diaz, that branch of the plaintiffs' motion which was for summary judgment on his behalf against those defendants was properly denied without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Additionally, the plaintiffs failed to meet their prima facie burden for summary judgment on the issue of liability against Gavidia as they failed to demonstrate that he was an owner of the vehicle operated by Terrones. Therefore, that branch of their motion which was for summary judgment against him on the issue of liability was properly denied without regard to the sufficiency of the opposition papers (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Rivera, J.P., Austin, Roman and Connolly, JJ., concur.