■ DEIDRE WHITE, Respondent, v ADOM RENTAL TRANSPORTATION, INC., et al., Respondents, and KINGSLEY BERNARD et al., Appellants. [54 NYS3d 98]—

In an action to recover damages for personal injuries, the defendants Kingsley Bernard and Alicia Bernard appeal, as

limited by their brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated August 4, 2015, as denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly sustained injuries when she was a passenger in a cab that collided with a van at the intersection of Lexington Avenue and Reid Avenue in Brooklyn, which was governed by a traffic light. The plaintiff commenced this action against the owner and operator of the cab, and the owner and operator of the van, Kingsley Bernard and Alicia Bernard, respectively (hereinafter the Bernard defendants). The Bernard defendants cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending, inter alia, that they were not at fault in the happening of the accident because the operator of the cab entered the intersection against a red light, which was the sole proximate cause of the accident. The Supreme Court denied that branch of the cross motion.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Hurst v Belomme*, 142 AD3d 642 [2016]; *Boulos v Lerner-Harrington*, 124 AD3d 709 [2015]). There can be more than one proximate cause of an accident (*see Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693 [2016]; *Steiner v Dincesen*, 95 AD3d 877 [2012]; *Cox v Nunez*, 23 AD3d 427 [2005]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]). A driver who enters an intersection against a red light in violation of Vehicle and Traffic Law § 1111 (d) is negligent as a matter of law (*see Joaquin v Franco*, 116 AD3d 1009, 1010 [2014]). While an operator of a motor vehicle traveling with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield, the operator traveling with the right-of-way still has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (*see Winner v Star Cruiser Transp., Inc.*, 95 AD3d 1109 [2012]; *Steiner v Dincesen*, 95 AD3d at 877; *Todd v Godek*, 71 AD3d 872 [2010]).

Here, in support of that branch of their cross motion which

was for summary judgment dismissing the complaint and cross claims against them on the issue of liability, the Bernard defendants submitted, inter alia, the deposition testimony of the plaintiff and Alicia Bernard, which provided conflicting evidence as to the facts surrounding the accident, and they failed to establish, prima facie, that Alicia Bernard was not at fault in the happening of the accident (see Antaki v Mateo, 100 AD3d 579, 580 [2012]; Steiner v Dincesen, 95 AD3d at 878). Since the Bernard defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the opposition papers.

Accordingly, the Supreme Court properly denied that branch of the Bernard defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the issue of liability. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.