Gonzalez v Abreu (2018 NY Slip Op 04309)





Gonzalez v Abreu


2018 NY Slip Op 04309


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05017
 (Index No. 63351/13)

[*1]Dionisio Gonzalez, respondent, 
v
Juana Abreu, appellant.


Law Office of David S. Klausner, PLLC, White Plains, NY (Stephen Slater of counsel), for appellant.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated April 6, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for injuries the plaintiff allegedly sustained when he fell from a ladder while installing a window at a property owned by the defendant. The complaint alleged violations of the Labor Law. Following commencement of the action, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion, and the defendant appeals.
To establish prima facie entitlement to judgment as a matter of law, a movant for summary judgment must come forward with evidentiary proof, in admissible form, demonstrating the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). The failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Here, the defendant testified at her deposition through a Spanish language interpreter. However, the errata sheets annexed to the transcript of the defendant's deposition testimony and the defendant's affidavit, which were both written in English, were not accompanied by a translator's affidavit executed in compliance with CPLR 2101(b). Therefore, those evidentiary submissions were facially defective and inadmissible (see Al-Mamar v Terrones, 146 AD3d 737, 739; Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 772; Tepeu v Nabrizny, 129 AD3d 935, 937; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 54). While the defendant submitted a translator's affidavit with her reply papers, that affidavit was unnotarized, and thus was not in admissible form (see Al-Mamar v Terrones, 146 AD3d 737, 739). The defendant's remaining evidentiary submissions were insufficient to establish her prima facie entitlement to judgment as a matter of law on the applicability of the homeowner's exemption under the Labor Law (see Bartoo v Buell, 87 NY2d 362, 367; Batzin v Ferrone, 140 AD3d 1102). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court