Hamdamova v New Dawn Tr., LLC (2018 NY Slip Op 05290)





Hamdamova v New Dawn Tr., LLC


2018 NY Slip Op 05290


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-11550
 (Index No. 507178/17)

[*1]Shirin Hamdamova, respondent, 
v
New Dawn Transit, LLC, et al., appellants.


Gannon, Rosenfarb & Drossman, New York, NY (Lisa L.Gokhulsingh of counsel), for appellants.
William Pager, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 5, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
On December 2, 2016, a bus owned by the defendant New Dawn Transit, LLC, and operated by the defendant Petula D. Bedeau struck the rear of a vehicle owned by nonparty Saidakhmad Ochilov in Brooklyn. Ochilov's vehicle was parked on a street abutting a school, and the plaintiff asserted that, at the time of the accident, she was a passenger in the parked vehicle. The plaintiff allegedly sustained personal injuries as a result of the accident and commenced this action against the defendants. Approximately two months after the defendants filed their answer, the plaintiff moved for summary judgment on the issue of liability, contending that Bedeau's negligent operation of the bus was the sole proximate cause of the accident. The defendants opposed the motion, contending that Ochilov's vehicle was unoccupied at the time of the accident, and therefore, the impact between the bus and Ochilov's vehicle could not have proximately caused the plaintiff's injuries. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
"To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury" (Lynfatt v Escobar, 71 AD3d 743, 744). "Evidence of [*2]negligence is not enough by itself to establish liability" (Sheehan v City of New York, 40 NY2d 496, 501). It must also be proved that "the negligence was a proximate, or legal, cause of the event that produced the harm sustained by the plaintiff" (Hain v Jamison, 28 NY3d 524, 528 [internal quotation marks omitted]; see generally Al-Mamar v Terrones, 146 AD3d 737, 739).
Here, in support of her motion, the plaintiff submitted evidence sufficient to establish, prima facie, that she was not negligent in the happening of the accident, and that Bedeau's negligent operation of the bus was the sole proximate cause of the accident (see Pilgrim v Vishwanathan, 151 AD3d 769, 771; Graham v Courtesy Transp. Servs., Inc., 145 AD3d 966, 967; Philip v D & D Carting Co., Inc., 136 AD3d 18, 23). In opposition, the defendants submitted Bedeau's affidavit, wherein she averred that Ochilov's parked vehicle was unoccupied at the time of the accident. Under these circumstances, triable issues of fact exist as to whether the collision between the bus and Ochilov's vehicle proximately caused the plaintiff's injuries (see Jackson v Trust, 103 AD3d 851).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court