Matias v Bello (2018 NY Slip Op 06522)





Matias v Bello


2018 NY Slip Op 06522


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-12554
 (Index No. 604356/15)

[*1]Dirley Matias, respondent, 
v
Ann E. Bello, et al., appellants.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Andrea M. Alonso, and Arianna Efstathiou of counsel), for appellants.
Raneri, Light & O'Dell, PLLC, White Plains, NY (Kevin D. O'Dell, Sarah Tuttle, and Dennis Light of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered November 3, 2016. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when the vehicle she was operating collided with a vehicle owned by the defendant Reaper Trucking, Inc., and operated by the defendant Ann E. Bello. The collision occurred as each driver attempted to make a left turn from adjacent lanes of Second Avenue onto East 59th Street in Manhattan. Each driver claimed that the other driver's turn was not made from a permissible lane. The defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, denied the defendants' motion.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Hurst v Belomme, 142 AD3d 642; Boulos v Lerner-Harrington, 124 AD3d 709). There can be more than one proximate cause of an accident (see Lukyanovich v H.L. Gen. Contrs., Inc., 141 AD3d 693; Steiner v Dincesen, 95 AD3d 877). Generally, it is for the trier of fact to determine the issue of proximate cause (see White v Adom Rental Transp., Inc., 150 AD3d 938). A driver who violates the Vehicle and Traffic Law may be found negligent as a matter of law (see Joaquin v Franco, 116 AD3d 1009). Although a motor vehicle driver traveling with the right-of-way is entitled to assume that other drivers will obey the traffic laws, the driver traveling with the right-of-way still has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (see Winner v Star Cruiser Transp., Inc., 95 AD3d 1109; Steiner v Dincesen, 95 AD3d at 877).
Here, in support of their motion for summary judgment, the defendants submitted the deposition testimony of the plaintiff and Bello. Those submissions provided conflicting evidence as to the facts surrounding the accident and failed to establish, prima facie, that Bello was not at fault in the happening of the accident (see White v Adom Rental Transp., Inc, 150 AD3d 938; Antaki v Mateo, 100 AD3d 579; Allen v Echols, 88 AD3d 926; Pollack v Margolin, 84 AD3d 1341). Since the defendants failed to meet their initial burden as the proponents of summary judgment motion, it is not necessary to review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court