Kelly v Shin (2019 NY Slip Op 02695)





Kelly v Shin


2019 NY Slip Op 02695


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-02555
 (Index No. 602534/15)

[*1]Miriam Kelly, et al., appellants,
v Young S. Shin, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered February 2, 2018. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
On April 29, 2012, a vehicle operated by the plaintiff Miriam Kelly (hereinafter the injured plaintiff) struck the rear of a vehicle owned by the defendant Young Chan Kim and operated by the defendant Young S. Shin (hereinafter the defendant driver). The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendants, alleging that the defendants were negligent in their ownership and operation of their vehicle. The defendants moved for summary judgment dismissing the amended complaint. The Supreme Court granted the defendants' motion, and the plaintiffs appeal.
A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Vehicle and Traffic Law § 1129[a]; Witonsky v New York City Tr. Auth., 145 AD3d 938, 939). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Edgerton v City of New York, 160 AD3d 809, 810).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint by demonstrating that their vehicle was struck in the rear when it was stopped at a red light, and that the defendant driver was not at fault in the happening of the subject accident (see Graham v Courtesy Transp. Servs., Inc., 145 AD3d 966, 967; Cortese v Pobejimov, 136 AD3d 635, 636). In opposition, the plaintiffs failed to raise a triable issue of fact. Although the injured plaintiff's version of the events leading up to the rear-end collision, as set forth in her deposition transcript, differed from the version provided by the defendant driver at her deposition, the injured plaintiff's testimony demonstrated that her failure to maintain a reasonably [*2]safe distance between the defendants' vehicle and her own vehicle was the sole proximate cause of the subject accident.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the amended complaint.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court