Jaber v Todd (2019 NY Slip Op 02690)





Jaber v Todd


2019 NY Slip Op 02690


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-07647
 (Index No. 1490/14)

[*1]Jamal Jaber, et al., plaintiffs-appellants, 
v
David A. Todd, Jr., defendant-appellant, Happy Child Transportation, LLC, et al., respondents.


Sanocki Newman & Turret, LLP, New York, NY (David B. Turret and Carl B. Tegtmeier of counsel), for plaintiffs-appellants.
Picciano & Scahill, P.C., Westbury, NY (Keri A. Wehrheim of counsel), for defendant-appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and C. Briggs Johnson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant David A. Todd, Jr., separately appeals, from an order and judgment (one paper) of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated May 16, 2016. The order and judgment granted the motion of the defendants Happy Child Transportation, LLC, and "John Doe" for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and is in favor of those defendants and against the plaintiffs and the defendant David A. Todd, Jr., dismissing the complaint and all cross claims insofar as asserted against the defendants Happy Child Transportation, LLC, and "John Doe."
ORDERED that the order and judgment is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the complaint is reinstated insofar as asserted against the defendants Happy Child Transportation, LLC, and "John Doe," and the motion of those defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is denied.
The plaintiff Jamal Jaber's daughter, who uses a wheelchair, was being picked up for school by a bus owned by the defendant Happy Child Transportation, LLC (hereinafter Happy Child). Jaber was injured when a motor vehicle driven by the defendant David A. Todd, Jr., struck either Jaber or the school bus wheelchair lift that Jaber was standing on. The safety guard on the lift was stuck in the upright position, and Jaber volunteered to assist the bus driver in fixing it. While Jaber was standing on the lift, which was at ground level and protruding out into the single-lane street, the bus driver allegedly signaled for Todd's car to pass. Todd's car hit the lift or Jaber, resulting in Jaber becoming pinned between the car and the lift, causing personal injuries.
Jaber, and his wife suing derivatively, commenced this action against Todd, as well as Happy Child and the unidentified bus driver, denominated as "John Doe" (hereinafter together [*2]the Happy Child defendants). Todd and the Happy Child defendants filed separate verified answers and asserted cross claims against each other. Following discovery, the Happy Child defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that Todd's negligence was the sole proximate cause of the accident. The Supreme Court granted the motion, and the plaintiff and Todd separately appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Welch v Suffolk Coach, Inc., 162 AD3d 1097, 1097; see Hurst v Belomme, 142 AD3d 642, 642). There may be more than one proximate cause of an accident, and proximate cause is generally a question for the trier of fact (see Hain v Jamison, 28 NY3d 524, 529; Welch v Suffolk Coach, Inc., 162 AD3d at 1097; Hurst v Belomme, 142 AD3d at 642).
Here, the Happy Child defendants failed to establish, prima facie, that the bus driver's alleged action in signaling Todd to maneuver his car through the narrow space between the extended lift—on which Jaber was still standing—and parked cars on the other side of the street did not set into motion an eminently foreseeable chain of events that resulted in Jaber's injuries (see Tutrani v County of Suffolk, 10 NY3d 906, 907). Accordingly, the Happy Child defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been denied, regardless of the sufficiency of the plaintiffs' or Todd's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Charlery v Allied Tr. Corp., 163 AD3d 914, 915; Hurst v Belomme, 142 AD3d at 642; Miller v United Parcel Serv., Inc., 131 AD3d 1023, 1024).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court