Richardson v Cablevision Sys. Corp. (2019 NY Slip Op 04975)





Richardson v Cablevision Sys. Corp.


2019 NY Slip Op 04975


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-06674
 (Index No. 2253/16)

[*1]Arthur Richardson, plaintiff, 
v
Cablevision Systems Corporation, et al., defendants. (Action No. 1) Laverne Elmore, et al., plaintiffs, Arianna Ann Marquilon, et al., respondents, Cablevision Systems Corporation, et al., appellants. (Action No. 2)


William J. Fitzpatrick, Hauppauge, NY, for appellants.
Denis J. Kennedy, Garden City, NY (Lorraine M. Korth of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Cablevision Systems Corporation and Allister F. James appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered March 27, 2018. The order granted the motion of the defendants Arianna Ann Marquilon and Arthur Richardson for summary judgment dismissing the complaint and all cross claims insofar as asserted as against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Arianna Ann Marquilon and Arthur Richardson which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants Cablevision Systems Corporation and Allister F. James are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants Arianna Ann Marquilon and Arthur Richardson which was for summary judgment dismissing the cross claims asserted against them by the defendants Cablevision Systems Corporation and Allister F. James is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants Cablevision Systems Corporation and Allister F. James, payable by the defendants Arianna Ann Marquilon and Arthur Richardson.
On April 24, 2014, a two-vehicle accident occurred at the intersection of Willmohr Street and East 94th Street in Brooklyn. The plaintiffs were passengers in a vehicle operated by the defendant Arthur Richardson and owned by the defendant Arianna Ann Marquilon, which was traveling on Willmohr Street heading toward its intersection with East 94th Street. There was no stop sign controlling traffic on Willmohr Street at its intersection with East 94th Street. At the same [*2]time, a vehicle operated by the defendant Allister F. James and owned by the defendant Cablevision Systems Corporation (hereinafter Cablevision) was traveling on East 94th Street toward its intersection with Willmohr Street. There was a stop sign controlling traffic on East 94th Street at its intersection with Willmohr Street in the direction that James was heading. The vehicle operated by Richardson and the vehicle operated by James came into contact with one another at the subject intersection.
The plaintiffs commenced an action to recover damages for personal injuries against Richardson and Marquilon, as well as James and Cablevision (Action No. 2), alleging that the defendants were negligent in, among other things, the ownership and operation of their respective vehicles. Richardson and Marquilon moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Richardson and Marquilon argued, inter alia, that James was solely at fault in the happening of the subject accident. Specifically, they asserted, James violated Vehicle and Traffic Law § 1142(a) in that he failed to yield the right-of-way to Richardson by driving through the stop sign and into the path of Richardson's vehicle. James and Cablevision opposed the motion. The Supreme Court granted Richardson and Marquilon's motion. James and Cablevision appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Miron v Pappas, 161 AD3d 1063, 1064 [internal quotation marks omitted]; see Baulete v L & N Car Serv., Inc., 134 AD3d 753, 754; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party" (Boulos v Lerner-Harrington, 124 AD3d at 709). " There can be more than one proximate cause of an accident'" (Lopez v Reyes-Flores, 52 AD3d 785, 786, quoting Cox v Nunez, 23 AD3d 427, 427; see Sirlin v Schreib, 117 AD3d 819), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974).
"While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles" (Miron v Pappas, 161 AD3d at 1064 [citations omitted]; see Romero v Brathwaite, 154 AD3d 894, 895).
Here, in support of their motion for summary judgment, Richardson and Marquilon submitted the deposition testimony of the plaintiffs, Richardson, and James. Those submissions provided conflicting evidence as to the facts surrounding the subject accident and failed to establish, prima facie, that Richardson was not at fault in the happening of the accident (see Matias v Bello, 165 AD3d 642, 643; White v Adom Rental Transp., Inc., 150 AD3d 938). Since Richardson and Marquilon failed to meet their prima facie burden entitling them to dismissal of the cross claims asserted against them by James and Cablevision, the Supreme Court should have denied that branch of Richardson and Marquilon's motion without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court