Perri v EJ's Auto Repair, Inc. (2023 NY Slip Op 05749)

Perri v EJ's Auto Repair, Inc.

2023 NY Slip Op 05749

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-04041
 (Index No. 50855/17)

[*1]Brandi Perri, appellant, 
v
EJ's Auto Repair, Inc., et al., respondents.

Keith S. Rinaldi, P.C., Poughkeepsie, NY (Michael Treybich of counsel), for appellant.
Burke Scolamiero & Hurd, LLP, Albany, NY (Steven V. DeBraccio and Thomas A. Cullen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated May 6, 2021. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated March 14, 2020, granting the defendants' unopposed motion for summary judgment dismissing the complaint.
ORDERED that the order dated May 6, 2021, is affirmed, with costs.
On May 7, 2014, the plaintiff was being transferred to the Dutchess County Jail when she ran away from the police and onto State Route 22, an adjoining roadway. She was then struck by a pickup truck owned by the defendant EJ's Auto Repair, Inc., and driven by the defendant Saul Hernandez.
The plaintiff subsequently commenced this action to recover damages for personal injuries. In October 2019, the defendants moved for summary judgment dismissing the complaint. Prior to the motion's initial return date, the plaintiff requested, and the defendants consented to, an extension of time to submit her opposition to the defendants' motion, and the plaintiff notified the Supreme Court of the adjournment. At the expiration of this extension, the plaintiff again requested an extension of time to submit her opposition to the defendants' motion. The defendants consented, but the plaintiff failed to notify the court of this request for an adjournment. By order dated March 14, 2020, the court granted the defendants' unopposed motion for summary judgment. In March 2021, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order dated March 14, 2020. The court denied the plaintiff's motion, and the plaintiff appeals.
"'In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion'" (Federal Natl. Mtge. Assn. v Bandhu, 214 AD3d 705, 707, quoting U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285 [internal quotation marks omitted]). Here, the Supreme Court properly determined that even if the plaintiff had demonstrated a reasonable excuse for her default in opposing the defendants' motion for summary judgment, she failed to establish that she had a potentially meritorious opposition to the defendants' motion (see Follors v TI Ozone Park Stor., LLC, 209 AD3d 843, 845; BAC Home Loans Servicing, LP v Parone, 126 AD3d 923, 924; Vujanic v Petrovic, 103 AD3d 791, 792).
"Pursuant to established case law, the public policy of our State provides that 'where a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiff's conduct constitutes a serious violation of the law and the injuries for which the plaintiff seeks recovery are the direct result of that violation'" (Oriental v U-Haul Co. of Ariz., 130 AD3d 702, 703 [emphasis omitted], quoting Manning v Brown, 91 NY2d 116, 120; see Alami v Volkswagen of Am., 97 NY2d 281, 287; Barker v Kallash, 63 NY2d 19, 24-26). Here, the defendants demonstrated, prima facie, that the plaintiff's injuries arose directly from her knowing and intentional serious criminal activity of escaping police custody (see Moore v County of Suffolk, 11 AD3d 591, 592; Johnson v State of New York, 253 AD2d 274, 279-280). Under the circumstances, the plaintiff should not be permitted to recover damages for her personal injuries (see Moore v County of Suffolk, 11 AD3d at 592; Johnson v State of New York, 253 AD2d at 279-280). Contrary to the plaintiff's contention, issues of fact regarding Hernandez's alleged negligence are immaterial so long as the plaintiff is precluded from recovery "at the very threshold" of her "application for judicial relief" (Barker v Kallash, 63 NY2d at 26). Thus, the plaintiff failed to demonstrate that she had a potentially meritorious opposition to the defendants' motion for summary judgment dismissing the complaint.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order dated March 14, 2020, granting the defendants' unopposed motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court